## INLAND INVESTORS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9161.

Circuit Court of Appeals, Sixth Circuit.

Dec. 4, 1942.

I. W. Sharp, of Cleveland, Ohio (Richard Inglis and R. G. Hengst, both of Cleveland, Ohio, on the brief), for petitioner.

Lyle M. Turner, Spec. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Petitioner, a corporate taxpayer, distributed to its stockholders a sum in excess of its earnings, as well as in excess of its net income, for the taxable year of 1936. The Commissioner levied a surtax on undistributed profits on the amount distributed to stockholders in excess of the earnings for the taxable year. His action was sustained by the Board of Tax Appeals, and petitioner seeks review.

As of the beginning of 1936, the taxpayer had a deficit in earned surplus, and, therefore, had no earnings and profits accumulated subsequent to February 28, 1913, and prior to January 1, 1936.

For the taxable year of 1936, the corporation distributed to its stockholders $125,000. Its taxable net income for this period was $124,934.58; but of that amount, its earnings aggregated only $80,751.64. During the taxable year, the corporation suffered a net capital loss of $45,541.42 on the sale of assets.

---

That part. of the distribution made by the corporation to its stockholders, which was in excess of earnings and profits, amounted to $44,248.36, which, it is agreed, was a return of capital to the stockholders, and not taxable in their hands. The Commissioner levied a tax on this amount of the distribution in excess of earnings and profits, on the ground that although it was actually distributed to. the stockholders, the corporation was subject to the surtax on undistributed profits thereon, inasmuch as it was a distribution nontaxable in the hands of the stockholders. The action of the Commissioner is predicated upon the ground that, under the statute, corporate net income is subject to the undistributed profits tax, unless the corporation is entitled to a credit for dividends paid; and that the statute permits no credit for dividends where the distribution is nontaxable in the hands of the distributees, § 27(h), 26 U.S.C.A. Int.Rev.Acts, page 838.

Shortly after argument of this case on review, Congress amended the Revenue Act of 1936 by subdivision (a) (3) of § 501 of the Revenue Act of 1942, adding a new subsection (f) to § 26 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 257. This amendment provides that, in computing the corporate income on which the undistributed profits tax is based, the corporation shall be entitled to a credit in the. amount by which the adjusted net income exceeds the sum of (1) the earnings and profits accumulated after February 28, 1913, as of the beginning of the taxable year, and (2) the earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year).

 In this case, the corporate taxpayer commenced the year, for which it was taxed, with a deficit; and the tax in question was levied on the difference between the adjusted net income and the earnings and profits of the taxable year—the amount which, under the amended statute, is deducted before computing tax. The amendment is effective as of the date of the enactment of the Revenue Act of 1936, subsection (b) of § 501 of the Revenue Act of 1942.

Counsel for the Government agree with petitioner's counsel that the above-mentioned amendment relieves from the undistributed profits tax, the amount upon which the Commissioner levied such tax in this case. Because of the amendment to the statute, enacted subsequent to the presentation of the case before us, the decision of the Board of Tax Appeals is, accordingly, reversed, and the case is remanded to the Board for proceedings not inconsistent with this opinion.